UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00634-GNS

GERALD WAREHIME                                                                            PLAINTIFF

v.

LOUISVILLE RETIREMENT RESIDENCE
LLC d/b/a/ OXMOOR LODGE et al.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Renewed Motion for Voluntary Dismissal (DN 13), and Defendants' Motion to Compel Arbitration (DN 14). The motions are ripe for adjudication. For the reasons outlined below, Plaintiff's Renewed Motion for Voluntary Dismissal is **GRANTED**, and Defendants' Motion to Compel Arbitration is **DENIED AS MOOT**.

### I.    STATEMENT OF FACTS AND CLAIMS

Plaintiff Gerald Warehime ("Warehime") was a resident of a senior living community owned and operated by Defendants Louisville Retirement Residence LLC d/b/a/ Oxmoor Lodge ("Oxmoor Lodge"), and Harvest Management Sub LLC d/b/a Holiday Retirement ("Holiday Retirement"). (Compl. ¶¶ 2-4, 6, DN 1-1). During Warehime's residency at Oxmoor Lodge, one of Defendants' employees allegedly entered Warehime's residence and assaulted him. (Compl. ¶¶ 7-8). After Plaintiff filed a lawsuit in Jefferson Circuit Court against Defendants, they removed the case to this Court. (Notice Removal, DN 1).

1

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship among the parties, and the amount in controversy exceeds$75,000, exclusive of interest and costs. (Notice Removal ¶¶ 1, 3-8).

## III. DISCUSSION

### A. Plaintiff's Renewed Motion for Voluntary Dismissal (DN 13)

Plaintiff seeks to voluntarily dismiss his claims without prejudice, which Defendants strenuously oppose. Such dismissal is governed by Fed. R. Civ. P. 41, which provides in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).

In general, a court would abuse its discretion in this situation only where a defendant would suffer "plain legal prejudice" if the plaintiff were allowed to dismiss his claims without prejudice, "as opposed to facing the mere prospect of a second lawsuit." *Id.* (citing *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). The factors a court should consider in determining whether plain legal prejudice will occur include: "the defendant's effort and expense of preparation for trial,

excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted).

### 1. *Defendant's Effort & Expense of Trial Preparation*

Defendants maintain this factor supports denial of Warehime's motion because they "have invested considerable time and incurred significant expense in defense of this case." (Defs.' Resp. Pl.'s Mot. Dismiss 4, DN 15). From the Court's perspective, however, this case is still relatively in its infancy. The case was removed on October 4, 2016, and less than two weeks later, Warehime moved to dismiss his claims without prejudice. (Notice Removal, DN 1; Pl.'s Mot. Dismiss, DN 6). After entering an order granting Warehime's motion, the Court set aside the order upon motion of Defendants. (Order, DN 7; Order, DN 9). At that point, there was no docket activity in the case for several months until a telephonic status conference was held on January 20, 2017. (Order, DN 12). During the conference, the Court granted Defendants 45 days to move to dismiss or compel arbitration. (Order 1). On February 9, 2017, Warehime again moved to voluntarily dismiss his claims. (Pl.'s Mot. Dismiss, DN 13). Almost three weeks later, Defendants moved to compel arbitration. (Defs.' Mot. Compel Arbitration, DN 14). At that point in the life cycle of this lawsuit, the Court had still not ordered the parties to confer pursuant to Fed. R. Civ. P. 26(f) and had not conducted a Fed. R. Civ. P. 16 scheduling conference.

The Court disagrees with Defendants' characterization and reliance on *Roe v. Mahoning County*, No. 4:05-cv-635, 2006 WL 2792176 (N.D. Ohio Aug. 10, 2006), to support Defendants' argument that it has sustained substantial time, effort, and expense in defending this case. While Defendants accurately described the steps that the defendant in that case had taken during

litigation, Defendants overlooks that the sister court found it significant that discovery had been completed, dispositive motions were pending, and the plaintiffs sought to voluntarily dismiss their claims without prejudice a few months before trial. *See id.* at *2. Likewise, *Lones v. South Central Power Co.*, No. 204CV883, 2005 WL 1309088 (S.D. Ohio May 31, 2005), is distinguishable. In *Lones*, the plaintiff filed a lawsuit in state court seeking to vacate an adverse arbitration award. *See id.* at *1. The defendants then removed the action to federal court. *See id.* After the case was removed to federal court the plaintiff moved to voluntarily dismiss his lawsuit without prejudice, and the court denied the motion. *See id.* at *2. The court noted the defendants had already expended significant efforts in litigating the case and that the defendants' motion to dismiss was pending. *See id.* at *1. The court also placed significance on the posture of the case, explaining that "resolution of the merits of the litigation is imminent. Dismissal without prejudice at this point of the litigation would certainly prejudice Defendants." *Id.* at *2. The court also denied the motion because dismissal "may [have] deprived [the defendants] of the defense of *res judicata* in another action pending before [that] Court." *Id.*

The Court finds that this case is still in its infancy. As a result, the posture of this case does not support Defendants' claim that they have invested sufficient effort and expense to establish plain legal prejudice sufficient to preclude the voluntary dismissal of Plaintiff's claims. This factor supports the granting of Plaintiff's motion.

### 2. *Extensive Delay and Lack of Diligence by Plaintiff*

Defendants also criticize what they characterize as extensive delay and lack of diligence by Warehime in litigating his claim. (Defs.' Resp. Pl.'s Mot. Dismiss 8-9). They criticize Warehime's acknowledged apparent failure to name a party, and his failure to notify the Court or Defendants during the January telephonic conference of his intent to renew the motion to

dismiss. (Defs.' Resp. Pl.'s Mot. Dismiss 8-9). Defendants also argue that they could have avoided the expense of having to prepare its motion to compel arbitration if Warehime had renewed his motion to dismiss at an earlier juncture. (Defs.' Resp. Pl.'s Mot. Dismiss 9).

As discussed above, however, this case has just begun, and the Court rejects Defendants' arguments of extensive delay and lack of diligence. This factor weighs in favor of Plaintiff.

### 3. *Sufficiency of Explanation for Dismissal*

Defendants challenge the sufficiency of Plaintiff's stated reason for the voluntary dismissal and focus on what they characterize as Plaintiff's intent to refile this litigation in state court. (Defs.' Resp. Pl.'s Mot. Dismiss 6). In support of this factor, Defendants rely on *Garland v. Brewer*, No. 3:11-25-DCR, 2012 WL 3306525 (E.D. Ky. Feb. 28, 2012), which this Court rejects as inapposite. (Defs.' Resp. Pl.'s Mot. Dismiss 6). In *Garland*, the court found that the amount of the defendant's effort and expense in trial preparation due to the pending summary judgment coupled with the plaintiff's stated goal of filing a lawsuit in state court warranted denial of the motion. *See id.* at *1.

This Court and others have permitted voluntarily dismissal under Fed. R. Civ. P. 41(a)(2) even when the plaintiffs have admitted that they intend to refile their lawsuit in state court and add additional parties. *See Hinz v. Cottrell, Inc.*, No. 3:16-CV-00076-TBR, 2016 WL 3982535, at *1-2 (W.D. Ky. July 22, 2016) (granting the plaintiff's motion to dismiss his claims without prejudice even though there were concerns that the plaintiff may refile his case in state court); *Morris v. Long*, 233 F.R.D. 620, 621 (W.D. Okla. 2005) ("[The plaintiffs'] desire to avoid piecemeal litigation by refiling in state court is understandable and, under the present circumstance, unobjectionable." (citation omitted)); *Oxford v. Williams Cos.*, 154 F. Supp. 2d 942, 952 (E.D. Tex. 2001) ("[S]uch a motion should not be denied simply because they might

5

refile their lawsuit at a later date in this or another forum or might enjoy some other tactical advantage." (citation omitted)); *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) ("Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice." (internal citation omitted)); *Am. Nat'l Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1413 (10th Cir. 1991) ("[I]t is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court." (citations omitted)). Given the status of this case, the Court finds that this factor weighs in favor of permitting voluntary dismissal under Fed. R. Civ. P. 41(a)(2).

### 4. *Summary Judgment Motion*

Even though this factor is not determinative of the analysis, this factor favors Warehime. This case is at its inception, and neither party has moved for summary judgment.

After considering all of the factors articulated in *Glover*, the Court concludes that Plaintiff is entitled to voluntarily dismiss his claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) because Defendants will not suffer plain legal prejudice as a result of the dismissal at this stage of the litigation. Accordingly, the Court will grant this motion.

### B. Defendant's Motion to Compel Arbitration (DN 14)

Because the Court will permit Warehime to voluntarily dismiss his claims without prejudice, it is unnecessary for the Court to consider the merits of Defendants' Motion to Compel Arbitration. This motion will be denied as moot.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Renewed Motion for Voluntary Dismissal (DN 13) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

2. Defendants' Motion to Compel Arbitration (DN 14) is **DENIED AS MOOT**; and

3. The Clerk shall strike this case from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
May 26, 2017

cc: counsel of record